WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Cameron Lebbon, a married man; Peoria Police Officer's Association Charities, a non-profit charitable corporation; Peoria Police Officer's Association, a non-profit corporation,<br><br>Plaintiffs,<br><br>v.<br><br>Wynette Reed, individually and in her capacity as City of Peoria Personnel Director; City of Peoria, a municipality,<br><br>Defendants. | No. CV-12-921-PHX-GMS<br><br>**ORDER** |

Pending before the Court is Defendant Reed's Motion to Dismiss. (Doc. 5). For the reasons stated below, the motion is granted.

**BACKGROUND**

Plaintiff Lebbon is a police officer employed by the City of Peoria. Plaintiffs Peoria Police Officer's Association Charities ("PPOAC") and the Peoria Police Officer's Association ("PPOA") are non-profit corporations of which he is a member. (Doc. 1-1 ¶ 6). Acting in his capacity as president of PPOA, Plaintiff Lebbbon engaged in an adversarial relationship with supervisory employees of Defendant City of Peoria (the

"City"). (Doc. 1-1 ¶ 11). In particular, Plaintiff Lebbon had met with Chief Ratcliff of the City's Police Department regarding Plaintiffs' claims that Lieutenant Walls of the City's Police Department had violated the Fair Labor Standards Act ("FLSA") among other laws. According to the Complaint, Lieutenant Walls, in an act of "self-preservation," wrote a memo to the chief of police defaming Plaintiffs' character. (Doc. 1-1 ¶ 13). The City thereafter commenced an investigation against Plaintiffs, which culminated when Defendant Reed, the City's Director of Personnel, published a document "which contained outright lies about the Plaintiffs and thereby defamed the good reputation of the Plaintiffs." (Doc. 1-1 ¶ 19).

Plaintiffs filed this suit in Maricopa County Superior Court against the City and Reed, seeking damages under 42 U.S.C. § 1983 for violation of their First Amendment rights. (Doc. 1-1). The suit also included various state law claims, including violations of the Arizona Constitution, defamation, and intentional infliction of emotional distress. (*Id.*). Defendants removed this action to federal court pursuant to 28 U.S.C. § 1446(a). (Doc. 1). Defendant Reed now seeks dismissal of all claims against her. (Doc. 5).

## DISCUSSION

**I.      Legal Standard**

To survive dismissal for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6), a complaint must contain more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action"; it must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While "a complaint need not contain

- 2 -

detailed factual allegations . . . it must plead 'enough facts to state a claim to relief that is plausible on its face.'" *Clemens v. DaimlerChrysler Corp.*, 534 F.3d 1017, 1022 (9th Cir. 2008) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009) (citing *Twombly*, 550 U.S. at 556). The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." When a complaint does not "permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (internal quotation omitted).

**II.   Analysis**

    **A.   State Law Claims**

Defendant Reed is a public employee, and any person asserting state-law claims against a public employee must serve a notice of claim before bringing suit and within 280 days of the accrual of the cause of action. Arizona Revised Statutes ("A.R.S.") § 12-821.01. Plaintiffs concede that they have not served Defendant Reed with a notice of claim, and consent to dismissal of all state-law claims against her. (Doc. 9 at 7). All state-law claims are therefore dismissed with regards to Defendant Reed.

    **B.   First Amendment Claim**

Although the Complaint identifies Count One as "Title VII, 42 U.S.C. § 1983 (Freedom of Association)," Plaintiffs do not mention Title VII in their response and argue only that the claim seeks relief through § 1983 for violations of the First Amendment.

(Doc. 9).

A § 1983 plaintiff seeking relief against a government official who retaliated against him in violation of the First Amendment must prove that: "(1) he engaged in constitutionally protected activity; (2) as a result, he was subjected to adverse action by the defendant that would chill a person of ordinary firmness from continuing to engage in protected activity; and (3) there was a substantial causal relationship between the constitutionally protected activity and the adverse action." *Blair v. Bethel School Dist.*, 608 F.3d 540, 543 (9th Cir. 2010). Defendant Reed does not dispute that Plaintiffs' complaints about Lieutenant Walls were constitutionally protected activity. Instead she argues that Plaintiffs have not pled that there was any substantial causal relationship between the constitutionally protected activity and any adverse action taken by Reed. (Doc. 5 at 5–6).

Plaintiffs state that after they complained about Lieutenant Walls, he wrote a memo that included false attacks against them. They claim that the city attorney launched an investigation "based upon the false allegations in the complaint lodged by Lieutenant Bruce Walls," and that when the investigation was complete, Defendant Reed "published the City of Peoria memorandum, a public document, which contained outright lies about the Plaintiffs." (Doc. 1-1 ¶¶ 17, 20). The complaint states that the investigation was a "vicious, retaliatory and unlawful investigation" which the Peoria City Attorney and Defendant Reed "conspired to launch." (Doc. 1-1, ¶ 16). As noted above, however, the complaint also states that the investigation was launched by city employees in response to Walls's memorandum. (Doc. 1-1 ¶ 17). The allegation that Defendant Reed and the City

Attorney launched the investigation as part of a conspiracy, rather than in response to Lt. Walls's complaint, is therefore conclusory. The complaint instead provides an "obvious alternative explanation" for Reed's participation in the investigation, from which it is not plausible to infer "purposeful, invidious discrimination." *Iqbal*, 556 U.S. at 682 (quoting *Twombly* 550 U.S. at 567). There is no non-conclusory allegation tying the Defendant to the investigation itself, and therefore the complaint does not properly allege that she provided a "substantial causal relationship" between the protected activity and the alleged retaliation. *Blair*, 608 F.3d at 543.

The Ninth Circuit has stated that a plaintiff can show a causal nexus between protected speech activity and an adverse employment action. It can introduce evidence of a "proximity in time between the protected action and the allegedly retaliatory employment decision" from which a jury can infer a connection, it can introduce evidence that the employer "expressed opposition to his speech, either to him or to others," or it can introduce evidence that the "employer's proffered explanations for the adverse employment action were false and pre-textual." *Coszalter v. City of Salem*, 320 F.3d 968, 977 (9th Cir. 2003). Plaintiffs state that Reed issued a memorandum that "contained outright lies." (Doc. 1-1 ¶ 19). According to the complaint, this memorandum was issued after an outside company had conducted an independent investigation following Lieutenant Walls's complaint. (Doc. 1-1 ¶ 18). Plaintiffs note that the investigation followed relatively quickly after their complaints, but attribute all of the investigative decisions to non-party Steve Kemp, the city attorney, rather than to Defendant Reed. As noted above, the allegation that Defendant Reed conspired with

Kemp to initiate and conduct this investigation is conclusory in nature. Plaintiffs state in their response that they "have alleged sufficient facts in their Complaint to support a plausible claim of retaliation against their constitutionally protected speech." (Doc. 9). Whether or not that statement is true, they have not done so against Defendant Reed. Claim One against Defendant Reed is dismissed.

The City has not filed a motion to dismiss, and all claims alleged against it survive.

## CONCLUSION

Plaintiffs concede that they have failed to file a notice of claim with regards to Defendant Reed, so all state claims against her are dismissed. The non-conclusory facts in the complaint, even accepted as true, do not suggest a causal relationship between Plaintiffs' protected First Amendment activity and the adverse employment action. The First Amendment complaint against Defendant Reed is therefore dismissed.

**IT IS THEREFORE ORDERED:**

1. Defendant Reed's Motion to Dismiss (Doc. 5) is **granted**, and Defendant Reed is dismissed from this lawsuit.

2. All claims against the City survive.

Dated this 16th day of July, 2012.

_A. Murray Snow_
G. Murray Snow
United States District Judge