**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Cameron Lebbon, a married man; Peoria Police Officer's Association Charities, a non-profit charitable organization; Peoria Police Officer's Association, a non-profit corporation,<br><br>Plaintiffs,<br><br>v.<br><br>City of Peoria, a municipality,<br><br>Defendant. | No. CV-12-00921-PHX-GMS<br><br>**ORDER** |

Pending before the Court is Plaintiffs' Motion to Compel Discovery. (Doc. 25.) At issue is a document referred to by the parties as the 2010 Investigation. On October 19, 2012, Plaintiffs filed a Request for Production of Documents requesting Defendants to produce the 2010 Investigation. (*Id.* at 2.) Defendants refused, asserting that the 2010 Investigation is protected by the attorney-client and work product privileges. (*Id.*)

"A party asserting the attorney-client privilege has the burden of establishing the existence of an attorney-client relationship *and* the privileged nature of the communication." *United States v. Graf*, 610 F.3d 1148, 1156 (9th Cir. 2010) (internal quotations omitted) (emphasis in original). Similarly, a party asserting the work product privilege bears the burden of proving that the material withheld meets the standards established for material to be classified as work product. *Garcia v. City of El Centro*, 214 F.R.D. 587, 591 (S.D. Cal. 2003).

Here, Defendants have made no effort to meet their burden, instead merely asserting that Plaintiffs conceded in a telephonic conference that the 2010 Investigation was privileged. (Doc. 28 at 2.) Defendants have failed to show that the 2010 Investigation is protected by either the attorney-client or the work product privilege.

Even if Plaintiffs had conceded that the 2010 Investigation was privileged (a fact that they strongly dispute), Defendants waived that privilege when they disclosed the contents of the 2010 Investigation to Plaintiff Cameron Lebbon in a Memo dated May 31, 2011. "Disclosing a privileged communication . . . results in waiver as to all other communications on the same subject." *Hernandez v. Tanninen*, 604 F.3d 1095, 1100 (9th Cir. 2010). In the 2011 Memo to Lebbon, Defendants set forth a lengthy series of conclusions that they reached as a result of the 2010 Investigation. (Doc. 25-1.) Thus, Defendants disclosed the contents of the 2010 Investigation to Lebbon.

Defendants contend that the work product privilege can only be waived "when voluntarily disclosed such that it may become readily accessible to an adversary." (Doc. 25 at 2–3) (citing *Samuels v. Mitchell*, 155 F.R.D. 195, 200 (N.D. Cal. 1994)). In fact, the case cited by Defendants stands for the narrower proposition that waiver by disclosure occurs "if the disclosure substantially increases the opportunity for potential adversaries to obtain the information." *Samuels*, 155 F.R.D. at 200. Furthermore, the same court has held that the work product privilege for written materials is waived as to any factual information orally disclosed to the adverse party. *S.E.C. v. Roberts*, 254 F.R.D. 371, 377 (N.D. Cal. 2008).

Here, Defendants disclosed the contents of the 2010 Investigation by citing to factual findings from the Investigation in their 2011 Memo to Lebbon. (Doc. 25-1 at 2–4.) By setting out those findings in the Memo, Defendants "substantially increased the opportunity" for Lebbon to obtain that information. Defendants have thus waived any work product privilege they might have had regarding such information in the 2010 Investigation. *See Arizona ex rel. Goddard v. Frito-Lay, Inc.*, 273 F.R.D. 545, 555 (D. Ariz. 2011).

Defendants have failed to establish that the 2010 Investigation is protected by either the attorney-client or work product privileges. Even if they had made such a showing, they waived any privilege they may have had by disclosing the contents of the 2010 Investigation in their 2011 Memo to Plaintiff Lebbon.

**IT IS THEREFORE ORDERED** that Plaintiffs' Motion to Compel (Doc. 25) is **GRANTED**. Defendants are ordered to produce the 2010 Investigation.

Dated this 31st day of January, 2013.

*/s/ A. Murray Snow*
G. Murray Snow
United States District Judge