WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Cameron Lebbon, a married man; Peoria Police Officer's Association Charities, a non-profit charitable organization; Peoria Police Officer's Association, a non-profit corporation,<br><br>Plaintiffs,<br><br>v.<br><br>City of Peoria, a municipality,<br><br>Defendant. | No. CV-12-00921-PHX-GMS<br><br>**ORDER** |

Pending before the Court is Defendant City of Peoria's Motion for Reconsideration or in the Alternative Motion for Protective Order. (Doc. 41.) For the reasons discussed below, Defendant's Motion is denied.

Pursuant to Local Rule 7.2(g), a motion for reconsideration will be denied "absent a showing of manifest error or a showing of new facts or legal authority that could not have been brought to [the Court's] attention earlier with reasonably diligence." LRCiv. 7.2(g). Motions for reconsideration are disfavored and are not the place for parties to make new arguments not raised in their original briefs and arguments. *See Northwest Acceptance Corp. v. Lynnwood Equip., Inc.,* 841 F.2d 918, 925–26 (9th Cir. 1988). Nor should such motions ask the Court to "rethink what the court has already thought through—rightly or wrongly." *See United States v. Rezzonico*, 32 F.Supp.2d 1112, 1116 (D. Ariz. 1998) (quoting *Above the Belt, Inc. v. Mel Bohannon Roofing, Inc.*, 99 F.R.D.

99, 101 (E.D. Va. 1983)).

On January 31, 2013, the Court granted Plaintiffs' Motion to Compel and ordered Defendant to produce the 2010 Investigation, holding that Defendant had failed to show that the Investigation was protected by either attorney-client or work-product privilege, and that in any event any privilege was waived by Defendant's disclosure of the results of the Investigation in a 2011 Memo to Plaintiff Lebbon. (Doc. 39 at 3.)

Defendant now contends that the 2010 Investigation is protected by the work product privilege and that the burden is on Plaintiffs to overcome that privilege. As an initial matter, the issue of work product privilege was briefed in the previous Motion to Compel. Defendant does not set forth new facts or legal authority that could not have been brought to the Court's attention earlier. Nor does Defendant argue that manifest error occurred. As such, Defendant has no ground for bringing a Motion for Reconsideration.

Moreover, Defendant's assertion that the burden of overcoming work product privilege falls initially on Plaintiffs is simply wrong. Defendant claims that "when the information being sought is from a consulting expert who is not expected to be called as a trial witness, the burden shifts to the party seeking disclosure of the privileged document." (Doc. 41 at 3.) Defendant is correct that the burden shifts, but it does not do so until the party invoking the work product privilege has established that the privilege applies. *Garcia v. City of El Centro*, 214 F.R.D. 587, 591 (S.D. Cal. 2003) ("The party asserting the work product privilege bears the burden of proving that the material withheld meets the standards established for material to be classified as work product."). Defendant seems to assume that it has established for the Court that the 2010 Investigation was the work product of a non-consulting expert. Further, Defendant does nothing to establish how, even if it was, it would not have been waived by its subsequent conduct. Even were the consultant's status as a non-testifying expert not at issue, Defendant seems to believe that all it needs to do is baldly assert the work product privilege to shift the burden to the other party. The sole case cited by Defendant for this

proposition states the opposite. In *Pinal Creek Group v. Newmont Mining Corporation*, this Court squarely held that "[t]he party claiming work product immunity has the burden of proving the applicability of the doctrine." No. CV-91-1764-PHX-DAE, 2006 WL 1817000 at *4 (D. Ariz. June 30, 2006).

Defendant then argues that, notwithstanding the Court's Order on January 31 ordering Defendant to disclose the entire 2010 Investigation, the Court should conduct an in camera inspection of the Investigation to determine which portions of the Investigation were waived. (Doc. 41 at 4.) Again, Defendant does not cite to any new facts or law, or point to any manifest injustice, that would warrant this deviation from the Court's earlier Order. As such, there is no ground for Defendant to bring this Motion for Reconsideration. Moreover, as discussed above and in the earlier Order, Defendant has thus far failed to demonstrate that any privilege whatsoever applies to the 2010 Investigation. The Court sees no reason to exercise its discretion to inspect the Investigation *in camera* when Defendant has made no effort to show that the Investigation is potentially privileged.

Finally, Defendant requests that the Court issue a protective order limiting the dissemination of the 2010 Investigation and its contents to the parties to this suit. (*Id.* at 5.) Defendant asserts that it is entitled to a protective order because the Investigation contains statements from witnesses who may be subject to retaliation if their identities were released. (*Id.* at 6.) In addition, Defendant argues that it will suffer "embarrassment, annoyance and oppression" from the media if the 2010 Investigation is released to the public. (*Id.*) This is a new argument not raised in the briefing on the Motion to Compel. As such, this Motion for Reconsideration is not the proper vehicle for requesting the protective order. *Northwest Acceptance,* 841 F.2d at 925–26. Defendant's Motion on this ground is denied. Defendant is not barred from filing a Motion for Protective Order to which Plaintiffs may respond without seeking permission from this Court. *See* LRCiv. 7.2(g)(2).

/ / /

**IT IS THEREFORE ORDERED** that Defendant City of Peoria's Motion for Reconsideration or in the alternative Motion for Protective Order (Doc. 41) is **DENIED**.

Dated this 20th day of February, 2013.

*G. Murray Snow*
G. Murray Snow
United States District Judge